UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENNETH R. TALLMAN, JR.,

    Plaintiff,

vs.                              CASE NO.: 3:19-cv-00468

GEORGIA-PACIFIC LLC,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant Georgia-Pacific LLC ("GP")[1], by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby notices its removal of this action from the Circuit Court of the Seventh Judicial Circuit, in and for Putnam County, Florida, to the United States District Court for the Middle District of Florida, Jacksonville Division. The grounds for removal are:

### INTRODUCTION

1.    This action is removed to the United States District Court for the Middle District of Florida, Jacksonville Division, on the basis that this Court has original jurisdiction of this action pursuant to 28 U.S.C. Section 1332, based upon complete diversity of citizenship of the parties and satisfaction of the requisite jurisdictional amount in controversy.

---

[1] Plaintiff incorrectly identified the Defendant as "Georgia, Pacific, LLC" and "Georgia Pacific, LLC.".

2. On or about April 1, 2019[2], Plaintiff originally filed this negligence action in the Circuit Court of the Seventh Judicial Circuit in and for Putnam County, Florida against GP in the case styled as *Kenneth R. Tallman, Jr. v. Georgia-Pacific LLC,* Case No. 2019-107-CA (the "State Court Action").

3. The State Court Action was filed in Putnam County, Florida. Because Putnam County is within the Jacksonville Division of the United States District Court for the Middle District of Florida, venue is therefore proper in the Jacksonville Division of this Court. 28 U.S.C. §§ 1391(a), 1441(a); Middle District Local Rule 1.02(b)(1).

4. The Complaint was served upon GP on April 4, 2019.[3]

## DIVERSITY OF CITIZENSHIP EXISTS

5. At the time that Plaintiff filed his Complaint in the State Court Action, and at the time of filing this Notice of Removal, complete diversity existed between Plaintiff and the Defendant to this action pursuant to 28 U.S.C. § 1332.

6. Both at the time the Complaint was filed, and at the time of removal, Plaintiff was a citizen and resident of Nassau County, Florida pursuant to 28 U.S.C. § 1332. [Compl., ¶ 2]

7. For diversity purposes, a corporation is a citizen of the state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A limited liability company or a limited partnership is a citizen of the state in

---

[2] While Plaintiff's Complaint for Damages and Demand for Jury Trial ("Complaint") states it was filed on March 28, 2018, the Court's file stamp at the top of the Complaint indicates it was filed on April 1, 2019.

[3] GP was also served a second time on April 19, 2019, with what appears to be a verbatim copy of the Complaint.

which its members or partners are citizens. *Rolling Greens MHP, L.P., v. Comcast SCH Holdings, LLC,* 374 F.3d 1020, 1021-1022 (11th Cir. 2004).

8. To determine the citizenship of GP, one must follow a chain of LLC membership and limited partnership ownership as follows:

   a. Defendant GP's sole member is Georgia-Pacific Holdings, LLC.

   b. Georgia-Pacific Holdings, LLC's sole member is Georgia-Pacific Equity Holdings LLC.

   c. Georgia-Pacific Equity Holdings LLC's sole member is Koch Renewable Resources, LLC.

   d. Koch Renewable Resources, LLC's sole member is Koch Industries, Inc.

   e. Koch Industries, Inc. is a Kansas corporation with its principal place of business in Kansas, and consequently, GP is a citizen of Kansas.

9. Therefore, both at the time the Complaint was filed, and at the time of removal, GP is a citizen of Kansas.

## **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

10. In the Complaint, Plaintiff does not state the amount of damages sought, only that damages exceed $15,000. [Compl., ¶ 1]

11. Plaintiff asserts a single cause of action for negligence against GP, alleging that he has suffered "mental anguish, emotional or physical pain and suffering, resulting pain and suffering[,] disability, trauma, inconvenience and the loss of capacity for enjoyment of life experienced in the past and to be experienced in the future, permanent serious scarring and

disfigurement, and expenses of medical care and treatment" and that these losses are "permanent and continuing in nature" and will be suffered "in the future." [Compl., ¶ 13]

12. In a case such as this, where the complaint fails to specify the amount of damages sought, the defendant need only show "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010). If "not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Pretka,* 608 F.3d at 754.

13. "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. In addition to filing a notice of removal, "[d]efendants may introduce their own affidavits, declarations, or other documentation" in order to satisfy the jurisdictional requirements of removal. *Pretka*, 608 F.3d at 755. A removing defendant may make specific factual allegations establishing jurisdiction and may support them with "reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Id*. at 754. This evidence may be presented with the filing of the notice of removal (as it is here), or after the filing of the notice of removal.[4] *Id.* at 772-74.

14. "A removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. Neither is the removing defendant

---

[4] While GP believes that the evidence presented with this notice is sufficient to establish this Court's jurisdiction, GP respectfully requests leave to supplement this evidence with additional information should the Court have any concern as to the sufficiency of the jurisdictional evidence, or in connection with any related motion practice.

4

required to research, state and prove the plaintiff's claim for damages against itself. Instead, a removing defendant must prove only by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Vaughn v. 21st Century Sec. Ins. Co.*, No. 3:12CV410/MCR/CJK, 2012 WL 5904323, *2 (N.D. Fla. 2012). Moreover, a "district court need not suspend reality or shelve common sense in determining whether the face of a complaint, or other document establishes the jurisdictional amount." *Roe,* 613 F.3d at 1062 (internal citations omitted).

15. Attached hereto as **Exhibit A**, is the Affidavit of Robert Chadwick with Sedgwick Claims Management Services, Inc., the third-party administrator for GP. Based on Mr. Chadwick's experience and based on a review of the allegations and damages claimed in the Complaint, it is Mr. Chadwick's view that the amount in controversy for this matter exceeds $75,000.

16. Thus, based on the Complaint and the evidence provided by GP, the total amount in controversy pursuant to 28 U.S.C. Section 1332, both at the time the Complaint was filed and at the time of removal, exceeds the sum or value of $75,000, exclusive of interest and costs.

## **REMOVAL IS OTHERWISE PROPER**

17. This removal was timely effectuated within 30 days of service of process. 28 U.S.C. § 1446(b).

18. On even date, written notice of the filing of this Notice of Removal was timely served on Plaintiff's counsel by United States mail, and a copy of this Notice of Removal was

filed with the Clerk of the Circuit Court of the Seventh Judicial Circuit, in and for Putnam County, Florida, in compliance with 28 U.S.C. Section 1446(d).

19. True and legible copies of all process, pleadings, orders, and other papers or exhibits of every kind, including depositions, on file in the State Court Action as of the date of filing of this notice are attached hereto as composite **Exhibit B**, as required by 28 U.S.C. Section 1446(a) and Middle District Local Rule 4.02.

Dated this 25th day of April, 2019.

                                        BISHOP & CO.

                                        By: */s/ Thomas E. Bishop*_____
                                                Thomas E. Bishop
                                        Florida Bar Number 993603
                                        Helen P. Roberson
                                        Florida Bar Number 0016196
                                        One Independent Drive, Suite 1700
                                        Jacksonville, Florida 32202
                                        (904) 598-0034/(904) 598-0395 (facsimile)
                                        *tbishop@bishopmills.com*
                                        *hroberson@bishopmills.com*
                                        *gcassada@bishopmills.com*
                                        *service@bishopmills.com*

                                        *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on this 25th day of April, 2019, a copy of the foregoing has been furnished via U.S. Mail and electronic mail to the following:

John E. Eversole III
Rubenstein Law, P.A.
9130 S. Dadeland Blvd, PH
Miami, FL 33156
*John@rubensteinlaw.com*
*nancy@rubensteinlaw.com*
*eservice@rubensteinlaw.com*

*Attorneys for Plaintiff*

                    */s/ Thomas E. Bishop*_____
                       Attorney