IN THE CIRCUIT COURT OF THE 7TH JUDICIAL CIRCUIT
IN AND FOR PUTNAM COUNTY, FLORIDA

KENNETH R. TALLMAN, JR.,

    Plaintiff,

v.

                                      CIVIL DIVISION

GEORGIA, PACIFIC, LLC, a Florida
Limited Liability Corporation,              CASE 2019-107-CA

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

The Plaintiff, **KENNETH R. TALLMAN, JR.**, by and through his undersigned counsel, hereby sues the Defendants, **GEORGIA PACIFIC, LLC., a Florida Limited Liability Corporation,** and alleges:

## JURISDICTION, PARTIES, AND VENUE

1. This is an action for damages far in excess of fifteen thousand ($15,000.00) exclusive of interest, costs and attorneys' fees.

2. Plaintiff, **KENENTH R. TALLMAN, JR.,** was and is resident of Yulee, Nassau County, Florida. At all times material, the Plaintiff was an employee of Flo Tech, Inc.

3. Defendant, **GEORGIA PACIFIC, LLC., a Florida Limited Liability Corporation,** (hereinafter referred to as "**GEORGIA PACIFIC**") with its principal address in Gainesville, Alachua County, Florida.

4. Defendant, at all times material, was and is doing business as **GEORGIA PACIFIC, LLC.,** and currently conducts business at 215 County Road 216, Putnam County, Palatka, Fl 32117.

5. Venue is proper in Putnam County, Florida because the incident made the subject matter of this lawsuit, occurred at 215 County Road 216, Putnam County, Palatka, Fl 32117.

6. At all times material to this Complaint, the Plaintiff was an employee of Flo-Tech, Inc. and was working at the above **GEORGIA PACIFIC** location.

### FACTS COMMON TO ALL CAUSES OF ACTION

7. On or about January 17th, 2018, the Plaintiff was servicing and inspecting a safety relief valve, as an employee of Flo Tech, Inc., when superheated condensate sprayed from the discharge pipe connected to the valve outlet, hitting the Plaintiff and burning him severely.

### COUNT I
### NEGLIGENCE AGAINST GEORGIA PACIFIC

8. Plaintiff re-alleges and restates the allegations in paragraphs 1 through 6 as if fully set forth herein.

9. At all times material to this complaint, the Defendant either owned or was in possession of the subject valve that failed as above alleged. The Defendant was responsible for maintaining the valve in a safe condition,

knowing that persons such as a Plaintiff would be in proximity in servicing the subject valve.

10. Defendant, **GEORGIA PACIFIC**, at all times material, had a duty to act reasonably and with due care in installing, inspecting, and maintaining the subject valve so that it was kept in a reasonably safe condition so as to avoid injury or harm to such persons which were who were foreseeably in the proximity of the valve, including the Plaintiff, **KENNETH R. TALLMAN, JR.**

11. Defendant, **GEORGIA PACIFIC,** breached that duty of reasonable care owed to the Plaintiff, **KENNETH R. TALLMAN, JR.,** and on or more ways, including, but not limited to those acts and omissions set forth below:

   a. By failing to have a steam trap in the system in proximity to the subject valve;

   b. By failing to recognize that this particular valve had no steam trap at the time that the Plaintiff was working on the valve;

   c. By failing to properly install the subject valve in accordance with applicable safety regulations;

   d. Failing to have warnings on the subject valve when the Defendant knew or should of known that its actions or omissions, above, would cause an injury to the Plaintiff, **KENNETH R. TALLMAN, JR.,**

e. By failing to conduct any safety survey of which valves at the location did not have a steam trap like most of the other valves in the **GEORGIA PACIFIC** facility; and

f. By failing to train, hire and supervise personnel who could have detected the unsafe condition and prevented injuries such as those suffered by the Plaintiff.

12. As a direct and proximate result of the acts and omissions of the Defendant, as described above, Plaintiff, **KENNETH R. TALLMAN, JR.**, suffered damages for which he is entitled to recover.

### DAMAGES

13. As a direct and proximate result of Defendant, **GEORGIA PACIFIC**'s act and omissions as set forth above, Plaintiff, **KENNETH R. TALLMAN, JR.**, has in the past suffered and will the future suffer, and continue to suffer mental anguish, emotional or physical pain and suffering, resulting pain and suffering disability, trauma, inconvenience and the loss of capacity for enjoyment of life experienced in the past and to be experienced in the future, permanent serious scaring and disfigurement, and expenses of medical care and treatment. These losses are permanent and continuing in nature and the Plaintiff, **KENNETH R. TALLMAN, JR.,** will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, **KENNETH R. TALLMAN, JR.,** requests that this Honorable Court enter judgment in favor of the Plaintiff and against Defendant, **GEORGIA PACIFIC,** awarding compensatory damages cost, post judgement interest, and any and all such further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff, **KENNETH R. TALLMAN, JR.,** does hereby demand trial by jury of all issues so triable as a matter of right.

Dated this **28th** day of **March, 2018**

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Phone: (305) 661-6000
Fax: (786) 230-2934
Email:  john@rubensteinlaw.com
        nancy@rubensteinlaw.com
        eservice@rubensteinlaw.com

By:  /s/ *John F. Eversole III*
     **JOHN F. EVERSOLE III**
     Florida Bar No.: 371513