**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KENNETH R. TALLMAN, JR. and
KAREN TALLMAN, his wife,

    Plaintiffs,

v.   Case No.   3:19-cv-468-J-34JRK

GEORGIA-PACIFIC CONSUMER
OPERATIONS LLC,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court sua sponte.  Plaintiff Kenneth R. Tallman, Jr. initiated this action against Georgia-Pacific, LLC in state court on April 1, 2019.  See Complaint for Damages and Demand for Jury Trial (Doc. 5; Complaint).  Georgia-Pacific, LLC removed the action to this Court on April 25, 2019, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  See Notice of Removal (Doc. 1; Notice).  In the Notice, Georgia-Pacific, LLC properly identified its own citizenship, including the citizenship of its members, and the citizenship of Plaintiff Kenneth Tallman.  See Notice ¶¶ 6, 8.  However, since that time, Plaintiff has twice amended the Complaint, adding an additional Plaintiff, Karen Tallman, removing Georgia-Pacific, LLC as a party, and naming Georgia-Pacific Consumer Operations LLC as the Defendant to this action.  See Plaintiffs' Second Amended Complaint for Damages and Demand for Jury Trial (Doc. 37).  Upon review of the Second Amended Complaint and the record in this case, the Court finds that

the parties have failed to identify the citizenship of Karen Tallman[1] or the new Defendant, Georgia-Pacific Consumer Operations LLC. [2] Accordingly, to ensure the Court's continuing diversity jurisdiction over this action, the Court will direct the parties to confer and file a joint notice properly identifying the citizenship of Plaintiff Karen Tallman and Defendant Georgia-Pacific Consumer Operations LLC. Accordingly, it is

**ORDERED:**

The parties shall have up to and including **January 19, 2021**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida this 4th day of January, 2021.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record

---

[1] The Second Amended Complaint alleges that Karen Tallman is a "resident" of Florida, see Second Amended Complaint ¶ 2, but to establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367 (emphasis supplied); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'[d]omicile' is not necessarily synonymous with 'residence'"). In the Notice, Georgia-Pacific LLC identified Kenneth Tallman's state of citizenship. See Notice ¶ 6.

[2] As acknowledged in the Notice, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). Although the Notice properly traces Georgia-Pacific LLC's citizenship through several layers of members, the new Defendant, Georgia-Pacific Consumer Operations LLC is not one of the entities whose citizenships were identified in the Notice. See Notice ¶ 8.