## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

KENNETH R. TALLMAN, JR. and
KAREN TALLMAN, his wife,

        Plaintiffs,

v.                                                                Case No.   3:19-cv-468-MMH-JRK

GEORGIA-PACIFIC CONSUMER
OPERATIONS LLC,

        Defendant.

_____

# O R D E R

**THIS CAUSE** is before the Court on Defendant's Reponse [sic] to the

Citizenship Inquiry of Defendant, Georgia-Pacific Consumer Operations, LLC

(Doc. 50; Response).   On February 2, 2021, the Court held a brief status

conference in this matter to address the citizenship of the newly added

Defendant, Georgia-Pacific Consumer Operations LLC.   See Minute Entry

(Doc. 49; Hearing).   The Court had previously inquired into the citizenship of

this entity, see Order (Doc. 39), in response to which the parties filed a joint

notice stating that Georgia-Pacific Consumer Operations LLC "is a subsidiary

of Koch Industries, Inc. a Kansas Corporation with its principal place of

business in Kansas . . and consequently . . . a citizen of Kansas."   See Joint

Notice Properly Identifying the Citizenship of Plaintiff, Karen Tallman, and Defendant, Georgia-Pacific Consumer Operations, LLC (Doc. 43).   However, as explained at the Hearing, this representation is insufficient to establish Georgia-Pacific Consumer Operations LLC's citizenship for purposes of diversity jurisdiction because Georgia-Pacific Consumer Operations LLC's citizenship is determined by the citizenship of its <u>members</u>.   See <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.</u>, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam).

Following the Hearing, Defendant filed the instant Response in an attempt to clarify Georgia-Pacific Consumer Operations LLC's citizenship. <u>See</u> <u>generally</u> Response.   However, rather than identify the <u>members</u> of Georgia-Pacific Consumer Operations LLC, Defendant identifies its <u>owners</u>. <u>See</u> Response at 1-2.   While it appears likely that Defendant uses the term "wholly owned" to mean the same thing as "member" when tracing through the many layers of businesses in Defendant's family tree, these terms are not necessarily synonymous under the law.   See <u>Traffas v. Biomet,Inc.</u>, No. 19-2115-DDC-JPO, 2020 WL 1467313, at *2 (D. Kan. Mar. 26, 2020) (collecting cases); <u>see</u> <u>also</u> <u>AmGuard Ins. Co. v. Middleton</u>, Civil Action No. 18-cv-0261, 2018 WL 3370568, at *1 (W.D. La. July 19, 2018) ("[I]t is membership that is critical for determining citizenship for diversity purposes, so allegations in this regard should be clear about what entities are actually members of others.

Terms such as wholly-owned subsidiary leave room for doubt."); <u>Ferrara v. Munro</u>, No. 3:16-CV-950(CSH), 2016 WL 6892073, at *3 (D. Conn. Nov. 22, 2016) ("Plaintiffs have alleged that [individual] is the 'owner, operator, and alter ego' of [defendant LLC].  If that means that [individual] is the <u>sole member</u> of that limited liability company, Plaintiffs must specify that fact.").[1]  Thus, to ensure that the Court's jurisdiction over this matter is properly reflected on the record,[2] the Court will strike the Response and direct

---

[1] The Court acknowledges that the terms "owner" and "member" have sometimes been used synonymously with respect to limited liability companies.  <u>See</u>, <u>e.g.</u>, <u>Johnson v. Columbia Props. Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  Nonetheless, these terms are not always interchangeable. Indeed, Defendant identifies itself as a "Delaware limited liability company," <u>see</u> Response at 1, and under Delaware law "one can have an ownership interest in a limited liability company without being a member."  <u>See</u> <u>Taylor v. Nationstar Mortg., LLC</u>, No. 1:15-CV-4403-AT-LTW, 2016 WL 6662734, at *2 (N.D. Ga. July 29, 2016) <u>rejected, in part, but adopted in pertinent part by</u> 2016 WL 7131593, at *1 (N.D. Ga. Aug. 22, 2016); Del. Code Ann. tit. 6, § 18-704 (explaining the circumstances in which the assignee of a limited liability company interest can become a member); Del. Code Ann. tit. 6, § 18-702(b)(1) ("(b) Unless otherwise provided in a limited liability company agreement: (1) An assignment of a limited liability company interest does not entitle the assignee to become or to exercise any rights or powers of a member."); Del. Code. Ann. tit. 6, § 18-101(8) ("'Limited liability company interest' means a member's share of the profits and losses of a limited liability company and a member's right to receive distributions of the limited liability company's assets."); <u>see also</u> <u>Busch v. Lee Enters., Inc.</u>, Civil No. 09-780-GPM, 2009 WL 5126799, at *1 (S.D. Ill. Dec. 21, 2009) (finding citizenship allegations pertaining to a Delaware limited liability company were insufficient where plaintiffs alleged that defendant LLC was "entirely owned" by a corporation, and the citizenship of that corporation, but failed to allege whether the corporation was the sole member of the LLC).

[2] As the Court previously advised, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit cases decided in 2017.  <u>See</u> <u>Thermoset Corp. v. Bldg. Materials Corp of Am.</u>, 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); <u>see</u> <u>also</u> <u>Purchasing Power, LLC v.</u>

Defendant to file an amended response which properly identifies Georgia-Pacific Consumer Operations LLC's <u>members</u>.[3]   Accordingly, it is

**ORDERED:**

1. Defendant's Reponse [sic] to the Citizenship Inquiry of Defendant, Georgia-Pacific Consumer Operations, LLC (Doc. 50) is **STRICKEN**.

2. Defendant shall have up to and including **February 19, 2021**, to file an amended response properly identifying its citizenship for purposes of diversity jurisdiction.

**DONE AND ORDERED** in Jacksonville, Florida this 4th day of February, 2021.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

---

<u>Bluestem Brands, Inc.</u>, 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law.   No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

   [3] By way of example, the Court again encourages Defendant to review the Notice of Removal (Doc. 1) where the predecessor Defendant, Georgia-Pacific, LLC, properly traced its "chain of LLC <u>membership</u>" to establish Georgia-Pacific's citizenship.   <u>See</u> Notice of Removal ¶¶ 7-8.

lc11
Copies to:

Counsel of Record